**Peter F. DORSO, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3126.

United States Court of Appeals, Federal Circuit.

Aug. 5, 2003.

Rehearing Denied Sept. 29, 2003.

Before BRYSON, DYK, and PROST, Circuit Judges.

PER CURIAM.

Peter F. Dorso ("Dorso" or "petitioner") petitions for review of the order of the Merit Systems Protection Board ("the Board"), rendering final an October 5, 2001, initial decision. *Dorso v. United*

*States Postal Serv.*, No. DC–0752–95–0182–C–1, 93 M.S.P.R. 301 (M.S.P.B. Nov.22, 2002) (Final Order). The initial decision denied a petition to enforce a settlement agreement dated March 13, 1995. *Dorso v. United States Postal Serv.*, No. DC–0752–95–0182–C–1, slip op. at 1 (M.S.P.B. Oct.5, 2001) (Initial Decision). We *affirm*.

## BACKGROUND

Following a five-month absence without leave, on November 7, 1994, the Postal Service removed Dorso from his position. On December 1, 1994, Dorso appealed his removal to the Merit Systems Protection Board. The matter was resolved by a March 13, 1995, settlement agreement reached between Dorso and the Postal Service during a phone conference with the administrative law judge. The agreement provided as follows:

> The appellant [Dorso] agrees to report for duty in the limited-duty position on a date to be agreed upon by the parties subsequent to the date of this agreement, which date will be no sooner than April 15, 1995. If the appellant fails to report as scheduled, management may, at its option, immediately reinstitute the removal of the appellant. It is agreed that such removal will not be appealable to the Board.

On March 17, 1995, Dorso contested the validity of the agreement. However, the administrative judge found the agreement valid. *Dorso v. United States Postal Serv.*, No. DC–0752–95–0182–I–1 (M.S.P.B. Mar.23, 1995). This decision, which became the final decision of the Board, was appealed to this court, where we affirmed the decision under Federal Circuit Rule 36. *Dorso v. United States Postal Serv.*, No. 95–3713 (Fed.Cir. Nov.7, 1995). Petitioner had not returned to work by November 7, 1995, and was removed from his position that same day.

On July 5, 2001, Dorso petitioned the Board to enforce the March 13, 1995, settlement agreement by setting aside his November 7, 1995, removal. The Board denied the petition, holding that the petition was untimely and, alternatively, that petitioner failed to prove that the agency had breached the settlement agreement, because the agency had the right under the agreement to remove petitioner when he did not return to work. Initial Decision at 2–4. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our standard of review for Board decisions is expressly limited by statute, which directs us to set aside Board decisions only if found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

The petition to the Board at issue here requested enforcement of the settlement agreement of March 13, 1995. We see no error in the Board's decision. Petitioner argues for the first time that the settlement agreement was not valid due to his lack of "full legal capacity" at the time of the agreement due to mental illness. This argument was not raised in his appeal to the Board, and therefore, will not be considered. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir.1998). The petitioner having shown no error in the Board decision, that decision is *affirmed*.

## COSTS

No costs.