**Peter F. DORSO, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3126.

United States Court of Appeals, Federal Circuit.

Sept. 29, 2003.

Before BRYSON, DYK, and PROST, Circuit Judges.

PER CURIAM.

Peter F. Dorso ("Dorso" or "petitioner") petitioned for panel rehearing and we invited a response. After careful consideration of the petition for rehearing and the subsequently filed reply brief, we deny the petition and reaffirm our earlier decision.

By order dated July 9, 2003, we had granted the petitioner until August 18, 2003, to file a reply brief. Inadvertently, the Court's opinion was issued on August 5, 2003, before we received petitioner's reply brief. *Dorso v. United States Postal Serv.*, 73 Fed.Appx. 436 (Fed.Cir.2003). Our decision affirmed the decision of the Merit Systems Protection Board ("the Board"). Dorso petitioned for rehearing on August 12, 2003, arguing that he was denied a fair hearing because our opinion was issued without consideration of his reply brief. In response, we ordered that "[i]f Dorso files the reply brief on or before September 17, 2003, the court will consider it in addressing his petition for rehearing." *Dorso v. United States Postal Serv.*, No. 03–3126, order (Fed.Cir. Sept. 3, 2003). Petitioner filed his reply brief on September 15, 2003.

In his reply brief, petitioner argues that he was denied due process because he was not notified that the Postal Service was removing him pursuant to the settlement agreement. This argument was not raised in petitioner's opening brief. However, it was considered and rejected by the Board on the ground that Dorso's challenge to his removal was untimely and, alternatively, that petitioner had, in any event, failed to show that removal without notice violated the terms of the settlement agreement. *Dorso v. United States Postal Serv.*, No. DC–0752–95–0182–C–1, slip op. at 3–4 (M.S.P.B. Oct.5, 2001). Even though this issue was not raised in petitioner's opening brief, we have considered it and see no error in the Board's decision. The Postal Service offered Dorso a limited-duty position pursuant to the agreement. The agreement provided that, "[i]f the appellant fails to report as scheduled, management may, at its option, immediately reinstitute the removal of the appellant." Petitioner did not report as scheduled. Thus, removal without further notice was consistent with the terms of the settlement. Under these circumstances, we see no error in the Board's conclusion that petitioner's due process rights were not violated.

In his reply brief, Dorso also argues that he could not voluntarily have agreed to the settlement "because of the stress and duress [he] was experiencing at the time." This argument is essentially the same as

the lack of capacity argument raised in Dorso's opening brief and rejected in our opinion on the ground that it was not raised before the Board. *Dorso,* No. 03–3126, slip. op. at 3. Petitioner also argues that "mistakes were made" in the settlement agreement. He argues that the administrative judge failed to determine if petitioner was medically fit to perform the limited-duty job to which he was assigned under the settlement agreement. He also complains that the administrative judge did not attempt to ascertain if the Office of Workers' Compensation Programs would compensate him for the reduced salary of a limited-duty position. Like the lack of capacity argument, these arguments were not presented to the Board, and consequently, will not be considered. *Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed.Cir.1998).

Under these circumstances we deny the petition for rehearing.